UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SHIRLEY E. DURANTE, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) 1:13-cv-00009-JAW |
| | ) |
| TODD SANDLER, et al., | ) |
| | ) |
|     Defendants | ) |

**RECOMMENDED DECISION**

Shirley Durante of Calais, Maine, complains that helicopters, UFOs, and aliens have been harassing her with laxatives and bright lights which burn her face and eyes. This harassment is destructive to her property as well, damaging three car mirrors. It appears that in some unspecified way Todd Sandler and family of Randolph, Massachusetts, have something to do with this harassment. Durante has written to the Department of Homeland Security and Senator Susan Collins about this harassment, but apparently has received no assistance. She has also gone to the Maine state courts seeking relief from the harassment. She has now determined that her recourse is to file a federal lawsuit. She is indigent and has been given leave to proceed in forma pauperis. I recommend that the Court summarily dismiss the complaint.

With respect to an in forma pauperis action such as this, the United States Congress has directed: "[T]he court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under 28 U.S.C. § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of

answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989); see also Mallard v. U.S. Dist. Ct. S. D. Iowa, 490 U.S. 296, 307-308 (1989) ("Section 1915(d) [now § 1915e(2)(B)(i)], for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

It is obvious that the plaintiff's allegations are both irrational and wholly incredible and this litigation cannot proceed in this Court. Accordingly I recommend that the complaint be summarily dismissed.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

January 9, 2013                              /s/ Margaret J. Kravchuk
                                             U.S. Magistrate Judge